IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN M. JOHNSON, ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> R.K. WONG, ) <br> Respondent. ) <br> _____ ) | No. C 09-4283 MMC (PR) <br><br> **ORDER OF DISMISSAL** |

On September 15, 2009, petitioner, a California state prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee.

**BACKGROUND**

In 1983, petitioner was sentenced to fifteen years to life in state prison. In his petition, petitioner contends that the Board of Prison Terms should have granted him parole in 1997, when his maximum parole release date expired. (Pet. at 2.)

According to the allegations in the petition, supporting brief and the documents attached thereto, petitioner, upon discovering in 2008 that he may have been entitled to parole in 1997, sought relief from the Board of Parole Terms, the Director of the California Department of Corrections and Rehabilitation, as well as through the prison appeals process and, lastly, from the Alameda County Superior Court. (Br. at 5–7 & Ex. B.) On December 24, 2008, the Superior Court denied the petition as untimely and for failure to state

a prima facie claim for relief.  (Id. Ex. B.)  The instant petition, as noted, was filed on September 15, 2009, and petitioner's supporting brief and documents were filed on October 1, 2009; nowhere in the petition, supporting brief or attached documents, however, is there any indication that petitioner sought further state court review after the denial of his claim by the Superior Court.

**DISCUSSION**

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.  See 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515–16 (1982).  The state's highest court must be given an opportunity to rule on the claims even if review is discretionary.  See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  To comply with the fair presentation requirement, a claim must be raised at every level of appellate review; raising a claim for the first time on discretionary review to the state's highest court is insufficient.  Casey v. Moore, 386 F.3d 896, 918 (9th Cir. 2004)

According to the record herein, petitioner's claims are unexhausted, for the reason that petitioner has presented them only to the state superior court.  As the above authorities direct, petitioner must present his claims to the California Court of Appeal and California Supreme Court before he can present such claims to this Court.  After petitioner has properly exhausted his claims in state court, he may refile such claims in federal court.

Accordingly, the instant petition is hereby DISMISSED without prejudice.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: December 7, 2009

MAXINE M. CHESNEY
United States District Judge

2